IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH MCCAIN, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 95-CR-509-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable David H. Coar |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is a pro se motion to reduce a sentence filed by Keith McCain ("Petitioner") pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. 783]. For the reasons set forth below, this motion is DENIED.

## BACKGROUND

Petitioner was one of thirty nine members of the Gangster Disciples Street Gang ("GDs") who were indicted on August 30, 1995. On December 13, 1995, Petitioner was charged along with nine others in a 41-count superseding indictment for participating in a drug conspiracy in violation of 21 U.S.C. § 846 (Count 1); operating a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a) (Count 2); being responsible for various possessions and

1

distributions of narcotics in violation of 21 U.S.C. § 841(a) (Counts 5-8, 10-17, 28, 38, 39); using minors to further the drug conspiracy and to avoid detection and apprehension in violation of 21 U.S.C. §§ 861(a)(1) and (a)(2) (Counts 3 and 4); using or causing the use of telephones to facilitate narcotics crimes in violation of 21 U.S.C. § 843(b) (Counts 9, 18-27, 29-37); using a firearm or causing a firearm to be used during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 40); and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 41).

On March 6, 1996, a jury found Petitioner guilty on all but three telephone counts. At sentencing, the district court, upon government's motion, dismissed Count 1 (the lesser included offense of conspiracy) and proceeded to sentencing on Count 2 (the CCE charge). As a "governor" of the GDs, Petitioner was considered a "principal administrator, organizer, or leader" of a CCE to commit crimes involving more than 1.5 kilograms of cocaine base; he was therefore subject to a statutory minimum of life imprisonment under 21 U.S.C. § 848(b). The district court sentenced the defendant to life imprisonment on Counts 2-6, 11, 17, and 39, to run concurrently with 40 years on Counts 12 and 13, 20 years on Counts 7, 8, 12-16, and 41, five years on Count 40, and four years on Counts 18-27, 29, 31-36.

On August 17, 2000, the Seventh Circuit affirmed Petitioner's convictions and sentence in *United States v. Smith*, 223 F.3d 554 (7th Cir. 2000), *cert. denied*, 536 U.S. 957 (2002). Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied on November 14, 2003. *See United States v. McCain*, No. 03 C 4362, 2003 WL 22706913 (N.D. Ill. Nov. 14, 2003). The Seventh Circuit denied Petitioner's application for a certificate of appealability on September 9, 2004.

# LEGAL STANDARD

Once a defendant's sentence has been imposed, a court has limited authority to change it after the expiration of the limits set forth in Fed. R. Crim. P. 35. *See United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004). Section 3582(c)(2) permits the Court to reduce a previously imposed sentence only when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In addition, eligibility for a reduction under § 3582(c)(2) is triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10 cmt. n. 1. In November 2007, the Sentencing Commission passed Amendment 706, which generally reduced by two levels the offense levels applicable to crack cocaine offenses. Effective March 3, 2008, Amendment 706 (as amended by Amendment 711) was added to the list of retroactively applicable amendments in § 1B1.10(c).

When reducing a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The guidelines further state that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). To determine whether a defendant's applicable guideline range is lowered, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

## ANALYSIS

A petitioner is only eligible for a sentence reduction under § 3582 if retroactively applied amendments have lowered the guideline range under which the defendant was previously sentenced. *See United States v. Armstrong,* 347 F.3d 905, 908 (11th Cir.2003) (upholding denial of § 3582(c)(2) motion where retroactive amendment did not affect the defendant's ultimate sentence); *United States v. Hickey*, 280 F.3d 65, 69 (1st Cir. 2002) (reversing grant of § 3582(c)(2) reduction where amendment affected a specific offense characteristic but defendant was sentenced on an unrelated ground, as a career offender); *United States v. Young,* 247 F.3d 1247, 1252-53 (D.C.Cir.2001) (finding § 3582(c)(2) reduction unwarranted where amendment did not actually affect the defendant's range); *United States v. Gonzalez-Balderas,* 105 F.3d 981, 983-84 (5th Cir.1997) (affirming denial of § 3582(c)(2) motion where retroactive amendment did not actually reduce the defendant's imprisonment range); *United States v. Townsend,* 98 F.3d 510, 513 (9th Cir.1996) ("Because Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2)."); *United States v. Dorrough,* 84 F.3d 1309, 1312 (10th Cir.1996) (affirming denial of § 3582(c)(2) motion where, under an alternate calculation, the defendant had the "same offense level under the new guidelines as he had under the old").

Petitioner's guideline range has not been lowered by Amendments 706 or 711, which altered the base offense levels associated with crack cocaine in U.S.S.G. § 2D1.1(c). The amendments raised the threshold for the maximum initial offense level of 38 from 1.5 to 4.5 kilograms, thus "affect[ing] only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine." *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009).

4

The sentencing judge ruled that Petitioner was accountable for the sale of at least 1.8 kilograms of crack cocaine per every 100 days of his tenure as the GD's governor (as opposed to a fixed quantity of 1.8 kilograms). At this rate, amounts far in excess of the threshold 4.5 kilograms would have been sold throughout Petitioner's governorship of three to four years, resulting in a base offense level of 38 even under the amended guidelines. Level 38 was the same starting point used by the sentencing judge before he applied the appropriate enhancements to arrive at a base level of 43.[1] The amended guideline range for level 43 is life imprisonment for any criminal history category. This represents no change from the prior guideline range under which Petitioner was originally sentenced.

Reductions to Petitioner's crack-related sentences would have no effect on his ultimate term of imprisonment, in any case. Under 21 U.S.C. §848(b), life imprisonment is mandated for any "principal administrator, organizer, or leader" of a CCE involving drug transactions moving over 300 times the quantity of a substance described in 21 U.S.C. § 841(b)(1)(B), which lists in relevant part 5 grams of crack cocaine. The sentencing judge found that Petitioner was individually accountable for the sale of 1.8 kilograms of crack cocaine within his first 100 days as governor. As such, Petitioner's life sentence on Count 2 was required by 21 U.S.C. § 848(b). The statement of reasons adopted by Petitioner's sentencing judge confirms, "life sentence required under continuing criminal enterprise."[2]

---

[1] On the drug counts, the sentencing judge applied enhancements for CCE involvement to arrive at a base level of 42. The amended guideline range for level 42 is 360 months to life imprisonment, as under the previous guidelines. On the drug counts involving minors, the appropriate enhancements raised Petitioner's offense level from 38 to 43, for which the amended guideline range, as before, remains life imprisonment.

[2] Petitioner argues that *United States v. Booker*, 543 U.S. 220 (2005), empowers the Court to apply a downward departure in his case. Even if §3582(c)(2) were to apply, *Booker* would have no effect on Petitioner's life sentence. The Seventh Circuit has held that district courts lack discretion to grant sentence reductions pursuant to §3582(c)(2) below the minimum amended guideline range. *See U.S. v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) (finding *Booker* inapplicable in the 18 U.S.C. §3582(c)(2) context). If a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence must be adopted as the guideline sentence. U.S.S.G. § 5G1.1(b).

5

Amendments 706 and 711 have no effect on Petitioner's sentence under 21 U.S.C. § 848. Petitioner is therefore ineligible for a sentence reduction because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Dkt. 783] is DENIED.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **March 3, 2010**